FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 07 200

|  |  |  |
|---|---|---|
| ROBERT R. COWDREY and SONYA G. COWDREY, | ) ) ) | |
| Plaintiffs, | ) | CV 98-L-2632-S |
| vs. | ) | |
| JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

The court has for its consideration a motion for summary judgment filed by John Hancock Mutual Life Insurance Company. Defendant has fully briefed the issue and submitted extensive supporting evidentiary materials. Plaintiffs did not respond.[1] The court concludes as a matter of law that defendant is entitled to summary judgment against plaintiffs.

---

[1] Once contacted by the court after missing the reply deadline, plaintiffs' counsel told the court that he did not object to the motion for summary judgment and that he agreed that summary judgment was proper in this case.

15

Facts

Robert and Sonya Cowdrey were involved in an automobile accident on May 24, 1996, allegedly caused by William Kenneth Thomas, and in which Robert and Sonja Cowdrey sustained personal injuries. At the time of the accident, Robert and Sonja Cowdrey were participants or beneficiaries under a health insurance plan sponsored by Robert Cowdrey's employer, Boyd Brothers Transportation. The health insurance plan was supervised by John Hancock Mutual Life Insurance Company. The Cowdreys incurred medial expenses for treatment they received for the injuries sustained in the May 24, 1996 accident. They made a claim for damages to William Kenneth Thomas's insurance company, Alfa Insurance. Alfa paid them an amount of $40,000, which represented Mr. Thomas's policy limits. The Cowdreys also made a claim against their automobile insurance carrier, Victoria, under the uninsured motorist provision. Victoria paid them an amount of $40,000.

After making initial benefit payments, John Hancock requested, via a letter dated June 28, 1996, Robert Cowdrey complete a Right of Reimbursement Agreement pursuant to the terms of his insurance policy.[2] Thereafter, Sonya Cowdrey wrote her

---

[2] The Plan contains the following provision:
The Plan is subrogated to the right of recovery for

attorney at the time, enclosing the letter from John Hancock of June 28, 1996. In the letter, Sonya Cowdrey acknowledged the potential for reimbursement. At the instruction of their attorney, the Cowdreys did not execute this form. Their attorney then negotiated with John Hancock so that John Hancock was willing to accept fifty cents on the dollar (50%) as their right of reimbursement on all medical claims paid. The Cowdrey's attorney instructed them to sign the form. Nevertheless, the Cowdreys never executed the Right of Reimbursement form. John Hancock made no further benefit payments related to the May 24, 1996 accident.

On July 25, 1997, the Cowdreys filed a Petition for Chapter 7 Bankruptcy protection. They did not disclose to the bankruptcy court this claim against John Hancock. They were discharged in bankruptcy on January 17, 1998.

### Summary Judgment Standard

In reviewing a motion for summary judgment, the motion

---

> Eligible Expenses payable by the Plan, which are a result of injuries suffered from an accident or the negligent conduct of a third party and which are payable in part or in whole by such third party, an insurance company, or from a judgment or settlement.
>
> Before the Plan pays benefits for such eligible expenses, you will be required to complete an Assignment Agreement and supply other reasonable information as requested regarding the inquiry.

is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in jury functions such as determining credibility and weighing the evidence. Four Parcels, 941 F.2d at 1437. However, when the non-movant bears the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If, on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. Earley, 907 F.2d at 1080.

### Discussion

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). There is no discretionary language in

the policy which might confer a standard of review different from the *de novo* standard. Thus, the claim decision will be reviewed *de novo*.

Defendant is entitled to summary judgment on two grounds. First, plaintiffs are judicially estopped from bringing this action. Judicial estoppel precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Chandler v. Samford University, 35 F.Supp.2d 861, 863 (N.D. Ala. 1999). Likewise, the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. In re Coastal Plains, Inc., 179 F.2d 197 (5th Cir. 1999). This duty is a continuing one and requires a debtor to disclose all potential causes of action. Id. The debtor need not know all the facts or the legal basis for the cause of action. Id. If the debtor has enough information prior to confirmation (or discharge) to suggest that it may have a possible cause of action, then it is a "known" cause of action such that it must be disclosed. Id. Any claim with potential must be disclosed, even if it is contingent, dependent, or conditional. Id.

From the facts, of the case, plaintiffs were well aware of a potential claim at the time of their bankruptcy filing. Correspondence to their attorney indicates that in 1996,

plaintiffs knew that John Hancock would not pay medical benefits related to the accident of May 24, 1996, until the Right of Reimbursement form was completed. Plaintiffs do not contest this knowledge. This potential claim was not listed as asset in their Chapter 7 Bankruptcy as required. Thus, it is inconsistent for plaintiffs to now assert this claim against John Hancock, yet not disclose this claim as an asset to the bankruptcy court. Therefore, plaintiffs are judicially estopped from bring the claim for benefits they now assert.

Additionally, defendants are entitled to summary judgment on the basis of the fact that John Hancock could properly require plaintiffs to complete the Right of Reimbursement form. The Plan at issue explicitly provides that participants will be required to complete as assignment agreement prior to the paying benefits. Plaintiffs refused to complete this form, and thus failed to comply with a condition precedent to the paying of benefits. The Eleventh Circuit has held that insurance companies can require an insured to sign an agreement identical to the one at issue before paying benefits. See Cagle v. Bruner, 112 F.3d 1510 (11th Cir. 1997). Therefore, John Hancock acted properly in requiring plaintiffs to complete the Right of Reimbursement form. John Hancock had no duty to consider the plaintiffs' claims for benefits until such form was

executed.

## Conclusion

Based on the foregoing discussion, summary judgment shall be granted in favor of defendant John Hancock Mutual Life Insurance Company on all claims brought by plaintiffs Robert and Sonya Cowdrey. In accordance with the accompanying order, the court hereby GRANTS summary judgment on the merits and dismisses this matter WITH PREJUDICE, each party to bear its own costs.

DONE this 6th day of March 2000.

_____
SENIOR JUDGE